IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAMES BOLLA, | ) CIVIL NO. 09-00165 SOM-KSC |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION REGARDING |
| vs. | ) PLAINTIFF'S OBJECTION TO |
| | ) ALL DEFENDANTS' BILL OF |
| UNIVERSITY OF HAWAII; DAVID | ) COSTS FILED MAY 10, 2012 |
| MCCLAIN; VIRGINIA HENSHAW; | ) IN DOCUMENT NO. 136 |
| JAMES DONOVAN; CARL CLAPP; | ) |
| DOE DEFENDANTS 1 THROUGH | ) |
| 100, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION REGARDING
PLAINTIFF'S OBJECTION TO ALL DEFENDANTS' BILL
OF COSTS FILED MAY 10, 2012 IN DOCUMENT NO. 136

On May 10, 2012, Defendants University of Hawaii, David McClain, Virginia Henshaw, James Donovan, and Carl Clapp (collectively "Defendants") filed a Bill of Costs ("BOC"). On May 15, 2012, Plaintiff James Bolla ("Plaintiff") filed an Objection to the BOC. The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the U.S. District Court for the District of Hawaii ("Local Rules").

Defendants request $3,456.58 in costs - $152.36 in transcript costs; $17.39 in printing costs; and $3,286.83 in copying costs. Plaintiff objects to the BOC on the following grounds: 1) the photocopying charges are excessive and unreasonable; 2) the transcript from the summary judgment hearing is not taxable under Local Rule 54.2(f)(2); and 3) the case could have likely been resolved had Defendant University of Hawaii paid Plaintiff the $260,000 balance on his coaching contract instead of litigating the matter.

Rule 54(d)(1) of the Federal Rules of Civil Procedure ("FRCP") provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Local Rules provide that "[t]he party entitled to costs shall be the prevailing party in whose favor judgment is entered, or shall be the party who prevails in connection with a motion listed in LR54.2(b)." Local Rule 54.2(a).

Here, Defendants are the prevailing parties, having obtained judgment in their favor on December 16, 2010, and the Ninth Circuit having affirmed the district court's grant of summary judgment. The Court's discussion is therefore limited to whether the applicable law and/or Plaintiff's objections warrant a denial or reduction of the requested costs.

Courts have discretion to award costs pursuant to Rule 54(d). See Yasui v. Maui Electric Co., Ltd., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999). However, this discretion is not unlimited. Ass'n of Mexican-American Educators v. California, 231 F.3d 572, 591 (9th Cir. 2000). The burden is on the losing party to demonstrate why costs should not be awarded. Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999).

Courts may only tax the costs specified in 28 U.S.C. § 1920. See Yasui, 78 F. Supp. 2d at 1126 (citing Alflex Corp. v. Underwriters Laboratories, Inc., 914 F.2d 175, 177 (9th Cir. 1990); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42

(1987)). Section 1920 enumerates the following costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; Yasui, 78 F. Supp. 2d at 1126. The Court addresses each of the costs requested by Defendants in turn.

A. Transcript Costs

Defendants request $152.36 for the transcript of the December 7, 2010 hearing before the district court. Plaintiff argues that this non-deposition transcript is not taxable. Section 1920(2) provides for the taxation of the "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2).

4

Insofar as the transcript cost is authorized by § 1920(2), and defense counsel represents that the transcript was necessarily obtained for use in the case, the Court recommends that the district court tax **$152.36** for court proceeding transcripts.

B.  Copying/Printing Costs

Defendants request reimbursement for $3,286.83 in copying costs and $17.39 in printing costs.  Section 1920(4) provides for the taxation of "the costs of making copies of any materials where the copies are necessarily obtained for use in the case" and § 1920(3) provides for the taxation of "[f]ees and disbursements for printing."  28 U.S.C. § 1920(3) & (4).  With respect to copying costs, Local Rule 54.2(f)(4) sets forth additional requirements that must be met:

> The cost of copies necessarily obtained for use in the case is taxable provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied.  The practice of this court is to allow taxation of copies at $.15 per page or the actual cost charged by commercial copiers, provided such charges are reasonable.  The cost of

5

> copies obtained for the use and/or convenience of the party seeking recovery and its counsel is not allowable.

Local Rule 54.2(f)(4). There being no objection by Plaintiff to the $17.39 in printing costs and § 1920(3) authorizing fees for printing, the Court recommends that **$17.39** be taxed in Defendants' favor.

In support of their request for copying costs, Defendants submitted a chart detailing the documents copied, the purpose of the copies,[1] and the number of pages copied. Defendants copied 4,766 pages at a rate of $0.15/page. The remainder of the copying costs were incurred from commercial copying, scanning, and saving documents to CDs. Defense counsel represents that the costs are correctly stated; they have been reasonably, necessarily, and actually incurred; and they are

---

[1] Defendants identify the purpose as one of the following categories: 1) case development, background investigation & case administration; 2) interrogatories, document production & other written discovery; 3) motions practice; 4) motions practice/communication with court; and 5) depositions. These categories verify that the documents were copied for use in the case, but not that copies were not for counsel or Defendants' use or convenience.

6

allowable by law.  BOC, Affidavit of John-Anderson L. Meyer at ¶ 4.  Notwithstanding the information set forth in the charts, the Court is unable to ascertain whether the copies were obtained for counsel or Defendants' use/convenience.  Based on counsel's representations, it appears that at least some of the copies may have been obtained for convenience, as opposed to necessity.  For example, counsel explains that "all potentially responsive documents were scanned, in anticipation of the need to produce responsive, non-privileged documents pursuant to Plaintiff's broad discovery requests."  Id. at ¶ 8.  That costs were incurred in anticipation of the need to produce discovery suggests that they may not have been entirely necessary.  Moreover, counsel states that original documents received were also copied in hard copy.  Id. at ¶ 9.  Even assuming the copies were necessary and not merely for counsel or Defendants' use/convenience, Defendants should not be entitled to recover costs for duplicate copying methods.  Based on the information provided, the Court is simply unable to

assess the reasonableness of Defendants' request. <u>United States ex rel. Woodruff v. Hawaii Pacific Health</u>, Civil No. 05-00521 JMS-LEK, 2008 WL 5115051 (D. Haw. Dec. 5, 2008). Consequently, the Court declines to recommend that the requested copying costs be taxed in Defendants' favor.

For the aforementioned reasons, the Court finds that $152.36 in transcript costs and $17.39 in printing costs are taxable. The Court thus recommends that the district court tax **$169.75** in costs.

<u>CONCLUSION</u>

In accordance with the foregoing, this Court FINDS and RECOMMENDS that Plaintiff's Objection, filed May 15, 2012, be SUSTAINED IN PART AND OVERRULED IN PART. The Court recommends that the district court award Defendants **$169.75** in costs.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, May 25, 2012.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 09-00165 SOM-KSC; Bolla v. University of Hawaii, et al.; FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S OBJECTION TO ALL DEFENDANTS' BILL OF COSTS FILED MAY 10, 2012 IN DOCUMENT NO. 136